

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00369-CR

## EX PARTE BILLY JOE BOOKER

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. F48257

## MEMORANDUM OPINION

After his conviction for the offense of driving while intoxicated, Billy Joe Booker filed an application for writ of habeas corpus. The trial court held an evidentiary hearing and denied the application for writ of habeas corpus. Booker appeals from the trial court's order denying his application for writ of habeas corpus. We affirm.

**Background Facts**

Booker was charged with the offense of driving while intoxicated third offense or more. The indictment also alleged two prior felony convictions for enhancement purposes. The jury convicted Booker of the offense of driving while intoxicated third offense or more. During the punishment phase of the trial, Booker pleaded not true to

the two enhancement allegations. The State called a fingerprint expert to prove the prior convictions alleged in the indictment. Michael Owens, with the Burleson Police Department, testified that the fingerprints he took from Booker matched those contained in the "pen packets" for Booker's prior convictions. The "pen packets" were admitted as evidence and contained judgments of conviction in two prior felony offenses.

During closing arguments, defense counsel stated to the jury that the prior convictions were not final and could not be considered for enhancement because there was no showing that the convictions were not appealed. The State objected to the argument, and the trial court instructed that the State would be able to respond during its final argument.

During deliberations on punishment, the jury sent out a total of six notes. The notes indicated that there was confusion and disagreement over whether the prior convictions were final convictions for enhancement purposes. The second note from the jury asked:

> What is considered a final conviction? I.E., is serving time in prison enough or is (sic)other steps needed? What does final mean?

The trial court responded that it was unable to answer the question presented and instructed the jurors to continue deliberations.

The jury later sent a third note that stated:

> We are unable to compromise or reach a unanimous decision on number of years. Majority agrees previous felonies are final. Any suggestions?

The trial court responded to continue deliberations. The jury then sent a fourth note that said, "If you have waived a right to a jury trial, have you also waived your right to appeal?" The trial court instructed the jury that it was not permitted to answer the questions presented and instructed the jury to continue deliberations. The jury sent a fifth note at 3:46 p.m. that said, "We are hopelessly deadlocked." The trial court instructed the jury to continue deliberations until 4:30 p.m. and if there was not a verdict at that time, the trial court would recess and reconvene at 9:00 a.m. Monday morning for further deliberations.

Finally, the jury sent a sixth note that asked:

Can you speak to a juror individually or to us again? One juror doesn't or isn't able to make a decision based on the evidence.

The trial court discussed the issue with Booker's trial counsel and the State. The trial court noted that the jury appeared to be deadlocked and that they are "hung up" on the finality of the enhancements. Booker indicated that he did not want to declare a mistrial and he requested that the trial court give an "Allen" charge[1] to the jury and reconvene on Monday. The trial court noted that there were no signs of progress in the deliberations and that while in the hallway he heard jurors yelling and slamming doors. The trial court declared a mistrial and dismissed the jury over Booker's objection.

## Double Jeopardy

In his sole issue on appeal, Booker argues that the trial court erred in denying his application for writ of habeas corpus based on a claim of double jeopardy. An appellate

---

[1] *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052, 127 S.Ct. 667, 166 L.Ed.2d 514 (2006); *Ex parte Graves*, 271 S.W.3d 801, 803 (Tex.App.-Waco 2008), *cert. den'd*, 558 U.S. 902, 130 S. Ct. 261, 175 L. Ed. 2d 176, 2009.

Double jeopardy protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Dixon*, 509 U.S. 688, 695-96, 113 S.Ct. 2849, 2855-56, 125 L.Ed.2d 556 (1993); *Ellis v. State*, 99 S.W.3d 783, 786 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd). The Texas Code of Criminal Procedure provides:

> (c) If the jury finds the defendant guilty and the matter of punishment is referred to the jury, the verdict shall not be complete until a jury verdict has been rendered on both the guilt or innocence of the defendant and the amount of punishment. In the event the jury shall fail to agree on the issue of punishment, a mistrial shall be declared only in the punishment phase of the trial, the jury shall be discharged, and no jeopardy shall attach. The court shall impanel another jury as soon as practicable to determine the issue of punishment.

TEX. CODE CRIM PRO. ANN. ART. 37.07 Sec. (3) (c) (West Supp. 2014). A mistrial declared after a trial judge has determined that the jury cannot agree upon a verdict does not terminate the original jeopardy to which the defendant was subjected and, therefore, does not result in double jeopardy.[2] *Ellis v. State*, 99 S.W.3d at 787.

---

[2] Booker contends that manifest necessity was required to discharge the jury without his consent. A defendant may be tried for an offense a second time without violating double-jeopardy principles if the prosecution ends prematurely as the result of a mistrial: 1) if the defendant consents to the mistrial; or 2)

The length of time the jury may be held for deliberation rests in the discretion of the trial judge. *Ellis v. State*, 99 S.W.3d at 787. Whether the court abused its discretion is determined by the amount of time the jury deliberates in light of the nature of the case and the evidence. *Id*. Whether it is improbable the jury would render a verdict may also be evidenced by how long the jury was deadlocked and whether the margin of disagreement had changed during the course of deliberations. *Id*.

The record shows that the jury deliberated for five hours and twelve minutes. During that time, the jury sent out several notes indicating their confusion on whether the prior convictions were final for enhancement purposes. The series of notes from the jury suggests that no progress had been made or was likely to be made. The trial court noted that the jurors were arguing with each other and that it was not "productive". The trial court did not abuse its discretion in determining that the jury could not agree upon a verdict. See *Ellis v. State*, 99 S.W.3d at 787. We find that there was no violation of Booker's right against double jeopardy. We further find that the trial court did not abuse its discretion in denying Booker's application for writ of habeas corpus. We overrule the sole issue on appeal.

### Conclusion

We affirm the trial court's judgment denying Booker's application for writ of habeas corpus.

---

there was manifest necessity to grant the mistrial. *Ex Parte Garza*, 337 S.W.3d 903 (Tex. Crim. App. 2011). However, TEX. CODE CRIM PRO. ANN. ART. 37.07 Sec. (3) (c) (West Supp. 2014) provides that a mistrial shall be declared when the jury fails to agree on punishment and that jeopardy does not attach. Therefore, manifest necessity is not applicable.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 12, 2015
[CR 25]

